## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOM HESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-482-GKF-FHM |
| | ) | |
| JAMES R. CHILDERS, ARCHITECT, INC., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Before the court is defendant James R. Childers, Architect, Inc.'s ("Childers") Motion for Judgment on the Pleadings. [Dkt. #10].

Plaintiff Tom Hess ("Hess"), a former employee of Childers, sued his former employer for violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging Childers had failed to pay him for overtime work. Childers filed an answer [Dkt. #7], followed by the pending motion.[1]

Defendant asserts that because plaintiff is an architect, and was paid more than $455 per week, his work was exempt from 29 U.S.C. § 207(a). Plaintiff, in response, asserts that although he has a degree in architecture, he was not actually employed as an architect at Childers.

---

[1] Although a motion to dismiss for failure to state a claim upon which relief can be granted should ordinarily be made before filing the answer or in the answer itself, if the defendant makes the motion after filing the answer, the motion should be treated as one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and 12(h)(2). *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

The FLSA provides that employees, *not otherwise exempt,* are to be paid overtime compensation for hours in excess of 40 per work week. 29 U.S.C. §207(a). However, § 207 does *not* apply to an employee "employed in a bona fide … professional capacity…" 29 U.S.C. § 213(a)(1). To be so employed, an employee must be (i) compensated at a salary of not less than $455 per week (ii) whose primary duty is the performance of work "[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a).

Childers attached to its motion plaintiff's resume, which establishes plaintiff has a degree in architecture, is a member of the American Institute of Architects and has previously been employed as a "Lead Designer/Intern Architect," "Project Manager/Intern Architect," "Intern Architect," and "Home Designer." [Dkt. #10, Ex. 1, Hess Resume]. Additionally, Childers attached payroll records showing plaintiff earned $1,009.61 per week. [*Id.,* Ex 2].

In response, plaintiff has submitted a declaration stating that Childers hired him as an "intern architect/project manager/production," but "[i]n fact, shortly after beginning with Childers Architect, my work was production work solely." [Dkt. #15-1, Statement of Hess, ¶¶2-3]. Plaintiff states that although he was trained as an architect, he is not and never has been licensed as an architect, he did not work at Childers as an architect, "but worked in production, which is essentially the function of a draftsman." [*Id.,* ¶4]. Plaintiff states he has never worked as an architect. [*Id.*]. Plaintiff states:

> An architect's functions, duties, and responsibilities are way beyond what I did at Childers Architect. A licensed architect's first responsibility is for the protection of life, safety, health and welfare; the majority responsibility of the architect is reviewing plans for code issues. These are not what my duty was.

[*Id.,* ¶5]. Plaintiff states that the position he held does not have a standard prerequisite in the industry of an architectural or other advanced specialized academic degree, "although it does

2

happen that those who perform jobs similar to mine in the industry do have such a degree, as I have." [*Id.* at 6].

Exemptions in the FLSA are to be narrowly construed and an employer seeking an exemption has the burden of establishing the exemption affirmatively and clearly.  *Brennan v. South Davis Community Hospital,* 538 F.2d 859, 865 (10th Cir. 1976).   Citing *Tavassol v. Hewitt-Washington & Associates,* 1998 WL 751636 (E.D. La. Oct. 23, 1998), defendant argues the professional exemption applies even if plaintiff is not a licensed architect.  In *Tavassol,* as in this case, the employee received a degree in architecture but had not passed the exam required to be a licensed architect.  However, *Tavassol* was decided after a nonjury trial during which the court heard testimony from both parties about plaintiff's training and education and the requirements of his job.  Based upon the Complaint and the limited evidence submitted to date, the court concludes plaintiff has adequately pled a claim for violation of the FLSA and issues of fact preclude judgment on the pleadings.

Defendant's Motion for Judgment on the Pleadings [Dkt. # 10] is denied.

ENTERED this 19th day of March, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3